## AUGUST TERM, 1803.

### *Jotham Post* v. *William Wright and Robert Buchan.*

AN inquest had been taken in this cause, at the last sittings, in *June,* at *New-York.*

*Hoffman* moved to set it aside, on two affidavits; one made by the defendants, which stated, that they verily

believed they had a good, substantial and legal defence; the other by the counsel in the cause.  This last set forth, that he was counsel for the *Humane Society of New-York*, and, in that capacity, obliged to visit the gaol on *Monday* in every week ; that this cause being noticed for trial on a *Monday*, he came into court instantly after discharging his duty to the society, when he found an inquest had been taken in the suit ; that he, on the same day, wrote to the attorney of the plaintiff, offering to pay all the costs of the inquest, and to engage to try the cause in the *then* sittings, if the plaintiff would abandon his inquest, which he refused to do.

*Hoffman* also observed, the calendar had been gone through more than once, and that the plaintiff needed not to have lost the sittings but for his own obstinacy.

*Woods* relied on the counter affidavit of the plaintiff's attorney, which stated, that the cause was duly set down in its order, on the day-docket ; that it was regularly called and tried ; that when called on, ———— ————————, esquire, was in court, and in the hearing of the deponent, said he was of counsel for the defendants, but as he did not see his clients, nor any of their witnesses, he would not appear ; that on this, the defendants were called, and an inquest taken.

*Woods* remarked, that, if after these facts the inquest should be set aside, there would be no end to these applications.  A defendant had only to keep himself and his witnesses, or even his counsel out

of the way, and be sure to gain a term whenever he
pleased.

*Per Curiam.* All reasonable notice to attend and defend the suit, was given. The cause was on the day-docket, and there is no kind of excuse why the defendants were absent. They had a counsel in court, and might have been there themselves, with their witnesses. The defendants, therefore, can take nothing by their motion.

N. B. *Hoffman* urged strongly the rigour of the practice, that it would operate only against the attorney of the defendant, that this was the first instance of such strictness. The court answered, there must be a first time in all proceedings; that they found it necessary to enforce their rules, and had made a determination so to do, as the only mode of having them obeyed.